OLIVER D. G. VANDERBILT

*v.*

HENRY MITCHELL, medical superintendent, et al.

[Decided May 17th, 1906.]

One who would be entitled to a portion of an estate in the event of his brother's dying without issue was not entitled to maintain a bill to cancel a record of birth showing that a certain infant was the child of complainant's brother, and to establish that the infant was not of such parentage, on the ground that the infant was in fact illegitimate.

---

On demurrer to bill.

This is a bill filed by Oliver D. G. Vanderbilt against Henry Mitchell, W. H. Lawrence, Myra L. J. Vanderbilt and William Godfrey Vanderbilt. The charges in this bill are practically

identical with those in the bill filed by John Vanderbilt against some of the same defendants, which last-named bill is sufficiently set forth in the opinion disposing of the case of John Vanderbilt. The only difference between the bills is as to the relation of the complainant to the cause of action. The complainant in this suit is the brother of John Vanderbilt. He is one of the trustees under the will of Susan Ann Hoogland, and in the event of John Vanderbilt dying without issue, he or his issue will be entitled to a portion of the estate which otherwise would go to the issue of John Vanderbilt.

A demurrer is interposed by the defendants Myra L. J. Vanderbilt and William Godfrey Vanderbilt.

*Messrs. McDermott & Enright,* for the complainant.

*Mr. Harry V. Osborne* and *Mr. Leroy A. Gibby,* for the demurrants.

GARRISON, V. C. (after stating facts).

The opinion disposing of the case of John Vanderbilt so fully deals with the subject-matter necessarily involved in the decision in this case that it is not necessary to repeat the issues or the decision respecting the same where they are practically identical.

This complainant, who is the uncle of the child, if the latter is the legitimate child of John Vanderbilt, clearly has no such interest in the mere matter of the personal relations between John Vanderbilt and the alleged issue of John Vanderbilt as to give him any standing in this court to the relief prayed for, which is practically the same as that prayed for by John Vanderbilt in the bill previously alluded to. His sole claim to a right must rest upon his property interests in any subject-matter which will be affected by the question of the legitimacy or illegitimacy of the child. It is clear, however, that at the present time he has no property right that is at present affected by this question. He charges that under the will of his mother there is a trust created, and that his share of this trust estate, when it is distributed, will be enlarged if John Vanderbilt dies without issue. He then charges that this child is not the issue of John

Vanderbilt. It does not follow that John Vanderbilt may not die leaving legitimate issue, even if the existing child be illegitimate. It certainly does not appear that this complainant has any present interest that is affected, or can be affected, by the question of the legitimacy of this child until the death of John Vanderbilt.

It may be that the interest which this complainant has under the will of his mother may entitle him to file a bill to perpetuate testimony; but I do not have to consider or decide this, because there is no such issue presented by the present bill. This bill is for immediate relief by cancellation of the alleged untrue record, or by injunction against its use.

For the reasons stated herein and in the opinion in the case of John Vanderbilt, the demurrer must be sustained, and I will so advise.